IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA L. HENDY,

                Petitioner,

v.                                             No. CIV 11-905 RB/LFG

ARLENE HICKSON, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

                Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.        This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254,[2]

filed October 7, 2011. [Doc. 2]. On December 16, 2011, Respondents filed their Answer, denying

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and recommenda-tions, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

[2]Ms. Hendy's motion for a writ of habeas corpus states it is brought pursuant to 28 U.S.C. § 2254 rather than § 2241 [Doc. 2]. However, because Ms. Hendy challenges the calculation of a state sentence and the housing of a state inmate, the petition is characterized as one brought under § 2241. *See* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (petition that attacks the duration of an inmate's confine-ment or the execution of a sentence, rather than the validity of the state court conviction, is properly brought under 28 U.S.C. § 2241); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (construing § 2254 petition as one falling under § 2241).

Petitioner Cynthia L. Hendy's ("Hendy") claims and requesting, *inter alia*, that the petition be dismissed because it is time-barred.  [Doc. 8, at 2, 9-11.]

2.      Hendy is currently confined at the New Mexico Women's Correctional Facility in Grants, New Mexico.

3.      On April 6, 1999, Hendy entered into a Plea and Disposition Agreement (State v. Hendy, D0721-CR99-00022) in the Seventh Judicial District Court (County of Sierra, State of New Mexico). [Doc. 8, Ex. B.] Hendy pled guilty to two counts of first degree felony kidnapping and two counts of second degree felony criminal sexual penetration ("CSP").  In exchange for the plea agreement, additional charges were dismissed or not filed against Hendy.  On May 12, 2000, the Seventh Judicial District Court entered a Judgment, Sentence and Commitment.  [Doc. 8, Ex. A.] Hendy was sentenced to a period of incarceration of 36 years, followed by a parole term of two (2) years.  Hendy received credit for 417 days pre-sentence confinement. [Id., at 2.]

4.      In her federal habeas petition [Doc. 2], Hendy raises two claims: (1) improper disparity in the sentencing of Hendy and co-defendants, including the sentences of co-defendants Glenda Ray and Dennis Yancy; and (2) improper denial of Hendy's request to transfer to a facility in the State of Washington closer to where her relatives reside. [Doc. 2.]

5.      Respondents assert that Hendy exhausted these two grounds through state habeas proceedings and after review by the New Mexico Supreme Court in a petition for writ of certiorari. [Doc. 8, at 8] (*citing* Exhibits N-S).  Respondents argue, *inter alia,* that Hendy's petition is time-barred because it was filed outside the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Alternatively, Respondents assert the two grounds are matters of state law that are not cognizable claims in federal habeas proceedings, or that Hendy has not alleged or established that the pertinent state court proceedings resulted in decisions that were

contrary to, or involved an unreasonable application of federal law, or that resulted in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. [Id., at 12-14] (*citing* 28 U.S.C. § 2254(d) and (e)).

## Procedural History

6.     The Court sets forth the following chronology in order to evaluate Respondents' argument that Hendy's petition was filed outside the one-year limitations period.  The dates are taken from the pleadings attached to Hendy's Petition or Respondents' Answer.[3]  [Doc. Nos. 1, 9.]

| | | |
|---|---|---|
| a. | April 6, 1999: | Plea Agreement filed. |
| b. | May 12, 2000: | Judgment, Sentence and Commitment filed. |
| c. | May 23, 2000: | Notice of Appeal filed.  [Ex. D.] |
| d. | Sept. 13, 2000: | Proposed Summary Affirmance issued. |
| e. | Nov. 30, 2000: | Memorandum Opinion affirming conviction. [Ex. D.] |
| f. | Dec. 21, 2000: | Petition for Writ of Certiorari filed. [*See* Ex. E.] |
| g. | Feb. 14, 2001: | Writ of Certiorari granted, remanding case to Seventh Judicial District Court to conduct a hearing on issue of ineffective assistance of counsel claim. |
| h. | Sept. 19, 2001: | Evidentiary Hearing held on ineffective assistance of counsel claim. [*See* Ex. H.] |
| i. | Aug. 5, 2002: | Court's Order Following Hearing on the Mandate, determining that Hendy received effective assistance of counsel throughout the trial court proceeding and also determining that Hendy, at the time of the Sept. 19, 2001 hearing, freely and voluntarily withdrew her claim. [Ex. H.] |

---

[3]Respondents state that some of the pleadings were not attached as exhibits to the Answer because the files are archived and not easily available. [Doc. 8, at 5.] Thus, at times, the Court refers to pleadings as referenced by date and title as shown in the state court docket sheets. [*See, e.g.,* Doc. 8, Exs. G, X.]

j.      Dec. 5, 2002:       Court's Order stating that it considered Hendy's motion [to withdraw] appeal and granted it; thus the Notice of Appeal in this case was withdrawn. [Ex. I.]

k.      Jan. 27, 2003:      Hendy's motion to reconsider sentence. [Ex. J.]

l.      Aug. 7, 2003:       State Court hearing on Hendy's motion to reconsider sentence. [*See* Ex. K.]

m.      Aug. 7, 2003:       Court's Order denying motion to reconsider sentence after hearing.  [Ex. K.]

n.      July 6, 2005:       Hendy's motion to transfer [to facility in State of Washington] due to family hardship [Ex. L.]

o.      Dec. 5, 2005:       Court's Order denying Hendy's request to reopen her case and have her term of incarceration transferred to Washington State.  Court is without jurisdiction to enter an order of transfer.

p.      Dec. 18, 2006:      Hendy filed state habeas petition, raising a number of grounds including the claims that there was a disparity of sentencing among her and her co-defendants and that denial of her request to transfer to the State of Washington was improper.

q.      May 8, 2009:        State's response to Hendy's state habeas petition. [Ex. O.]

r.      Aug. 6, 2009:       Hendy's "Summary of Issues and Request for Extension of Time," [Ex. P, attached pleading.] Attorney for Hendy asked for an additional six months to investigate possible additional claims after speaking to Hendy and to file an amended state habeas petition, if warranted.

s.      Aug. 12, 2009:      Telephonic status conference on Hendy's request for additional time.  Request for extra time granted. [*See* Ex. Q.]

t.      Aug. 2, 2010:       State's motion to summarily dismiss Hendy's state habeas petition because counsel did not inform Court of any new evidence discovered in investigation nor did counsel file an amended habeas petition. [Ex. P.]

4

|   |   |   |
|---|---|---|
| u. | Aug. 4, 2010: | Order denying Hendy's state habeas petition. Petitioner failed to bring forward any new evidence during the extended period for doing so and did not file an amended complaint. Thus, State Court granted motion to dismiss. [Ex. Q.] |
| v. | Aug. 17, 2010: | Hendy's Petition for Writ of Certiorari filed, raising several issues including disparity of sentences of co-defendants and transfer request to out-of-state facility. [Ex. R.] |
| w. | Sept. 9, 2010: | State Supreme Court Order denying petition for writ of certiorari. [Ex. S.] |
| x. | Sept. 9, 2011: | Hendy's motion to amend judgment and sentence, arguing disparity of sentences of co-defendants. [Ex. T.] |
| y. | Sept. 26, 2011: | Order denying motion to amend sentence as untimely. |
| z. | Oct. 7, 2011: | Federal habeas petition filed. [Doc. 2.] |

## Analysis

7.     AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for § 2254 petitions.  Pliler v. Ford, 542 U.S. 225, 230, 224 S.Ct. 2441, 2445 (2004).  AEDPA became effective on April 24, 1996.  *See* Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999), *cert. denied,* 528 U.S. 1120 (2000).  Hendy was convicted and sentenced after this date, and her federal habeas petition is therefore subject to AEDPA's one-year limitation period.

8.     Title 28 U.S.C. § 2244(d)(1) provides that the one-year limitation period runs from the latest of four specified dates.  Gonzalez v. Thaler, 132 S.Ct. 641, 652-53 (Jan. 10, 2012) (citations omitted).  In this case, the pertinent calculation is from the "date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

5

9.      In Gonzalez, the United States Supreme Court observed that "the [] judgment becomes final 'when [the] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'" Gonzalez, 132 S.Ct. at 652-53 (citations omitted).

10.     Respondents state that "[i]f the order issued on December 5, 2002[,] is the triggering event and pursuant to 28 U.S.C. § 2244(d)(1), [Hendy] had one year, starting from December 6, 2002 or until Monday, December 8, 2003, to file a federal habeas corpus petition or other application for post-conviction relief." [Doc. 8, at 10.]

11.     Respondents's characterization of the triggering date, i.e., by the use of the word "if," shows some uncertainty with respect to whether the State Court's December 5, 2002 Order is the date that starts the one-year limitations period. Perhaps a question arises as to whether Hendy is given 90 days from December 5, 2002, to file a petition for writ of certiorari to the United States Supreme Court. See Coleman v. Sloan, 393 F.App'x 587, 589 (10th Cir. Sept. 1, 2010) (unpublished) ("direct review of a criminal conviction [normally] includes the time necessary to file a United States Supreme Court petition for certiorari") (citing Locke v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001)). See also Clay v. United States, 537 U.S. 522, 527-28 (2003) (adding 90-day period in which defendant could seek certiorari).

12.     In Hendy's case, the procedural history is not typical of the history usually evaluated in determining the one-year limitations period. For example, Hendy filed her notice of appeal on May 23, 2000 and eventually was successful, to the extent that the New Mexico Supreme Court remanded the ineffective assistance of counsel claim for a hearing before the Seventh Judicial District Court. None of this time is counted against Hendy in assessing the one-year limitations period. The State Court held an evidentiary hearing, and then for unexplained reasons (perhaps new

6

counsel for Hendy elected to file a motion for reconsideration of the sentence rather than proceed with the previously filed direct appeal), Hendy "freely and voluntarily withdrew her claim," *i.e.,* appeal, after the hearing.[4] [Doc. 8, Ex. H.] While the State Court's August 5, 2002 Order noted Hendy was withdrawing her "claim," the State Court's December 5, 2002 Order specifically granted Hendy's motion to withdraw the appeal and stated that the Notice of Appeal was withdrawn. [Doc. 8, Ex. I.] On January 27, 2003, Hendy filed a motion to reconsider her sentence. [Doc. 8, Ex. J.]

13.    Respondents counted the 52 days between the December 6, 2002 Order and the January 27, 2003 motion to reconsider against Hendy in calculating her one-year limitation period. It is possible that technically, Hendy had 90 days to seek certiorari in the United States Supreme Court with respect to the State Court's December 6, 2002 Order.  It seems highly unlikely, however, since that Order addressed Hendy's voluntary withdrawal of her appeal.  Nonetheless, the Court will liberally construe matters concerning Hendy's *pro se* federal habeas pleading and not count those 52 days against her.  In addition, because Hendy's January 27, 2003 motion to reconsider tolls the time spent pursuing state post-conviction relief, 28 U.S.C. § 2244(d)(2), none of the time between January 27, 2003 and August 7, 2003 counts against Hendy.   And, for the sake of liberally construing this matter, the Court will add thirty (30) days to August 7, 2003, until September 8, 2003, during which Hendy might have appealed the denial of the motion for reconsideration, even though she did not.  *See* State v. Neely, 117 N.M. 707, 709 (1994) (denial of NMRA Rule 5-801 motion for modification/correction of sentence is a final, appealable order).  *See also* Serrano v. Williams, 383 F.3d 1181, 1184 (10th Cir. 2004) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period

---

[4]The State Court indicated, after hearing evidence, that it did not find ineffective assistance of counsel but allowed Hendy to withdraw the claim or appeal.

in which the petitioner *could have* sought an appeal under state law.") (internal citation omitted) (emphasis in original).

14.     After extending Hendy every benefit of the doubt in calculating her one-year limitations period, the Court concludes that the period began on September 8, 2003, thirty days after the denial of Hendy's motion for reconsideration.  Hendy had until about September 8, 2004, to file a federal habeas petition, or a proper application for State post-conviction or other collateral review, such that additional tolling might apply.  Hendy did not file any other pleading until July 6, 2005, when she filed a motion to transfer to another facility, which the State Court denied on grounds it had no jurisdiction to enter such an order. [Doc. 8, Exs. N, O.] Thus, Hendy waited almost two years from September 8, 2003, before filing the motion to transfer.  Clearly, any federal habeas petition would be barred under such circumstances because the one-year limitation period expired before she ever filed her state habeas petition.

15.     Hendy filed a state habeas petition on December 18, 2006; thus, typically, all time related to that habeas proceeding would have been tolled until August 4, 2010, when the State Court entered an order denying the petition [Doc. 8, Exs. P-U].  However, the state habeas proceeding, in Hendy's case, is of no import in calculating the one-year limitations period for purposes of filing a timely federal habeas petition.  As stated previously, the one-year statute of limitations expired on about September 8, 2004, at which point Hendy had not filed for any post-conviction relief after the denial of her motion for reconsideration.

16.     For these reasons, Hendy's federal habeas petition is time-barred and subject to dismissal.

17.     Although Hendy did not request that equitable tolling be applied to extend her limitations period, the Court determines that this case does not present the "rare and exceptional

circumstances" that might warrant equitable tolling.  *See* York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003) (recognizing equitable tolling only in "rare and exceptional circumstances").  *See also* Boyd v. Ward, 56 F. App'x 849, 851 (10th Cir. Dec. 12, 2002) (equitable tolling available only in "rare and exceptional circumstances" and where inmate "diligently pursued his claims and demonstrated that the failure to timely file was caused by extraordinary circumstances beyond his control") (internal citations omitted), *cert. denied,* 539 U.S. 917 (2003)).

18.     To justify equitable tolling, Hendy has the burden of demonstrating that her failure to timely file was caused by extraordinary circumstances that stood in her way.  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, *cert. denied,* 545 U.S. 1135 (2005).  *See also* Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (refusing to apply equitable tolling where petitioner provided no specificity regarding the steps he took to diligently pursue his federal claims), *cert. denied,* 525 U.S. 891 (1998).

19.     Here, Hendy did not satisfy her burden of demonstrating the "rare and exceptional circumstances" that warrant the application of equitable tolling.  Hendy did not demonstrate what steps she took to diligently pursue her federal habeas claim, or why she delayed in filing the federal habeas petition.  *See* Holland v. Florida, 560 U.S. __, 130 S.Ct. 2549 (2010) (even assuming extraordinary circumstances stood in a petitioner's way, she still must also demonstrate that she pursued her federal claims diligently).  Hendy's failure to satisfy her burden of demonstrating diligence is particularly damaging since she was not just days or months late in filing her federal habeas petition.  Her federal habeas petition was filed almost two years too late, even after giving Hendy every benefit of the doubt in the computation.

20.     Even if Hendy could show that equitable tolling applied and allowed the filing of the federal habeas petition, the Court concludes alternatively that Hendy did not demonstrate that the

state court proceedings and rulings resulted in decisions that were contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court. Hendy also failed to demonstrate that the state court proceedings and rulings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d).[5]

21.    For the reasons stated above, the Court finds that Hendy's federal habeas petition is time-barred and that there are no grounds for equitable tolling. Alternatively, Hendy failed to present a federal constitutional violation in accordance with 28 U.S.C. § 2254(d).

## Recommended Disposition

That Hendy's § 2241 Petition [Doc. 2] be denied and that the action be dismissed with prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

---

[5]*See* Preble v. Estep, No. 06-1195, 2006 WL 2212686, *2 (10th Cir. Aug.4, 2006) (unpublished) (applying the deferential standard in 28 U.S.C. § 2254(d) to a state prisoner's habeas petition under 28 U.S.C. § 2241), *cert. denied,* 549 U.S. 1221 (2007).

10